1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

SA MUSIC, LLC and WILLIAM
KOLBERT, AS TRUSTEE OF THE
HAROLD ARLEN TRUST,

                          Plaintiffs,

      v.

AMAZON.COM, INC., AMAZON
DIGITAL SERVICES LLC,
VALLEYARM DIGITAL LIMITED,
LENANDES LTD, GIACOMO VERANI,
and LIMITLESS INT. RECORDINGS,

                       Defendants.

**COMPLAINT FOR
COPYRIGHT INFRINGEMENT**

**JURY DEMAND**

**Basis for Jurisdiction**

    1.    The Court has jurisdiction over the subject matter of this action against Defendants Google LLC, Valleyarm Digital Limited, Lenandes Ltd, Giacomo Verani, and Limitless Int. Recordings pursuant to 28 U.S.C. § 1338(a) because this is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101, 106, 115, 501, 602 *et seq.*

COMPLAINT 1

MANN LAW GROUP PLLC
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

**Introduction**

2.       Plaintiffs are the legal and/or beneficial copyright owners of musical works authored by Harold Arlen one of the premier composers of American music.

3.       Harold Arlen wrote or co-wrote some of the most popular modern songs, including *Over the Rainbow* from The Wizard of Oz and many other seminal works in the American songbook, including *I've Got the World on a String*, *Stormy Weather*, *The Devil and the Deep Blue Sea*, *Come Rain or Come Shine*, *Get Happy*, *Ill Wind* and *It's Only A Paper Moon*.

4.       The Composition Chart annexed as Exhibit A provides a list of Plaintiffs' copyrighted compositions at issue in this case (the "Subject Compositions").

5.       The works of Arlen have been recorded by the most prominent jazz and popular artists of all time, including Art Tatum, Art Blakey, Benny Goodman, Billie Holliday, Buddy Rich, Cab Calloway, Charlie Parker, Coleman Hawkins, Count Basie, Dean Martin, Dizzy Gillespie, Duke Ellington, Ella Fitzgerald, Etta James, Frank Sinatra, Fred Astaire, John Coltrane, Judy Garland, Lena Horne, Louis Armstrong, Miles Davis, Quincy Jones, Ray Charles, and Sarah Vaughan to name only a few. These monumental works of art are, quite literally, national treasures.

6.       These and other recordings of Plaintiffs' copyrighted musical works have been pirated by the Defendants in this case. Defendants are all players in the digital music business that participate in, and jointly profit from, making digital phonorecord deliveries (*i.e.*, downloads) of pirated recordings of the Subject Compositions.

7.       Digital phonorecord deliveries of musical recordings constitute a reproduction and distribution of the musical work embodied in the digital recording and require a license from the copyright owner of the musical composition, sometimes referred to as a "mechanical license."

COMPLAINT 2

8.    Defendants have failed to obtain any license that would authorize them to reproduce, distribute, or sell the recordings of the Subject Compositions identified on Exhibit B and, as a result, Defendants have infringed Plaintiffs' exclusive rights of reproduction and distribution of the Subject Compositions, under 17 U.S.C. §§ 106(1) and 106(3).

9.    Further, the activity of making digital phonorecord deliveries of pirated recordings of the Subject Compositions does not qualify for a compulsory license or as a covered activity under Section 115 of the Copyright Act.

10.    A list of the pirated recordings of the Subject Compositions that Defendants have reproduced and distributed without authorization, including by making digital phonorecord deliveries, thus far identified, is set forth in the Infringement Chart annexed as Exhibit B.

11.    All of the recordings identified on Exhibit B are pirated. Plaintiffs have thus far identified over 220 pirated recordings of the Subject Compositions that have been separately reproduced and distributed as digital phonorecord deliveries by Defendants through the Amazon music store as set forth in the Infringement Chart annexed as Exhibit B. Defendants have infringed these works in a concerted and distinct distribution chain.

### Defendants' Piracy is Massive and Flagrant

12.    The scope and flagrant nature of Defendants' piracy cannot be understated. It is obvious that the recordings listed in Exhibit B are pirated by virtue of the scope of the Limitless catalog, the replication of the original album artwork (while removing the original label logos), and the continued distribution of legitimate versions of the recordings by the rightful record label owners on Amazon.

13.    Limitless, which has no web presence and no listing on Discogs.com, is selling recordings by virtually every well-known recording artist from the 1930s through the 1960s, including Frank Sinatra, Ella Fitzgerald, Miles Davis, Louis

MANN LAW GROUP PLLC
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

Armstrong, Billie Holiday, Mel Torme, Ray Charles, Tony Bennett, and Judy Garland.

14. In addition, strong evidence of the piracy can be gleaned directly from Amazon store from the comparison of the bootlegged Limitless catalog entries side-by-side with legal recordings being sold by legitimate record labels.

15. For example, album cover art has been an essential part of the packaging and marketing and labels have taken great care to create album artwork commensurate with the music it accompanied. Not so with Limitless, which has often either stolen the album art and music wholesale or employed stock artwork for its bootlegged albums.

16. Invariably, Limitless has simply applied a silver border with its name written around the original release artwork and obscuring the original label logo as exemplified by the following Amazon screenshots comparing the Limitless release with the original:




17. In many instances, the Amazon music store is selling the legitimate release by the original label side by side with Limitless' bootlegged copy. For

COMPLAINT 4

example, in 1959, Atlantic Records released The Genius of Ray Charles, which included his acclaimed version of *Come Rain Or Come Shine*. The album is widely hailed and was ranked number 263 on Rolling Stone's Top 500 albums of all time.[1] Atlantic is still selling the record but now, it has direct competition from Defendants, who have appropriated the recording and the album artwork and are selling their bootleg at a 32% discount side by side with the Atlantic original on Amazon:



Come Rain or Come Shine
by Ray Charles
★★★★★ ⌄ 1
**MP3 Music**
Listen with Music Unlimited
Or $1.29 to buy MP3



Come Rain Or Come Shine
by Ray Charles
**MP3 Music**
Listen with Music Unlimited
Or $0.89 to buy MP3

https://www.amazon.com/s?k=the+genius+of+ray+charles+come+rain+or+come+shine&i=digital-music&ref=nb_sb_noss (11/29/2019)

18.     Similarly, in 1957, Capitol Records released the album <u>Alone</u>, by Judy Garland, which included her recording of the Arlen composition *I Gotta Right To Sing The Blues*. Capitol sells the recording on the Amazon music store in direct competition with Defendants, who sell their pirated copy for a deep discount. In addition, Defendants have appropriated album artwork (eliminating the Capitol logo) as evidenced by the following the Amazon screenshot:

---

[1]  "263) The Genius of Ray Charles". Rolling Stone. New York. November 1, 2003. Archived from the original on June 15, 2009. Retrieved May 27, 2013.
https://web.archive.org/web/20090615041624/http://www.rollingstone.com/news/story/6626052/263_the_genius_of_ray_Charles (11/29/2019)

**MANN LAW GROUP PLLC**
107 Spring St.
Seattle, WA 98104
TELEPHONE: (206) 436-0900

1
2
3
4



5
6
7
8



9

10

https://www.amazon.com/s?k=alone+judy+garland+right+to+sing+the+blues&i=digital-music&ref=nb_sb_noss (11/29/2019)

11      19.    The Infringement Chart also includes no less than four full albums

12  originally released by Capitol Records containing five Arlen works recorded by Frank

13  Sinatra including *It's Only A Paper Moon*, *Get Happy*, *Last Night When We Were*

14  *Young, Ill Wind,* and his iconic version of *I've Got The World On A String*. Defendants

15  appropriated the album artwork and sold each recording for less than Capitol.[2]

16
17               
18
19
20
21               
22
23
24
25

26

27      [2] Defendants enhanced their version of the 1954 Capitol album <u>Songs for Young Lovers</u>
    by adding *I've Got The World On A String*. The song was one of the first recorded by Sinatra for
28  Capitol Records in 1953, but was released as a single and was not part of <u>Songs for Young Lovers</u>.

COMPLAINT 6

MANN LAW GROUP PLLC
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

20.    Defendants have, on occasion, flagrantly bootlegged entire album's devoted to Harold Arlen's works. For example, in 1961, Columbia released recordings of 12 Arlen works on <u>Tony Bennett Sings a String of Harold Arlen</u>. Columbia is still selling the album, including on Amazon for $9.99. Defendants have bootlegged the entire album and are underselling Columbia's legitimate version:



21.    Similarly, in 1955, Clef Records (now Verve) released a dozen of Arlen's works recorded by one of the greatest jazz pianists, Oscar Peterson.  Verve is still selling the album and individual tracks, including on Amazon. Defendants have bootlegged the entire album and are underselling the Verve legitimate version:



MANN LAW GROUP PLLC
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

22.    In addition to the pirated recordings of Plaintiffs' compositions, Defendants have distributed a broad and deep catalog of thousands of other pirated recordings through the Amazon store, including many entire albums of seminal musical works. For example, the Limitless catalog available in the Amazon store includes the following seminal albums:

      a.  Elvis Presley's debut album, <u>Elvis Presley</u>:



      b.  <u>Surfin' USA,</u> by The Beach Boys:



      c.  James Brown's debut album, <u>Please, Please, Please</u>:

COMPLAINT 8



d.  Bob Dylan's debut studio album, <u>Bob Dylan</u>:



e.  Roy Orbison's <u>Crying</u>:



23.   All of this should have made it obvious that Limitless is operating a huge music piracy operation. Valleyarm and Amazon chose to ignore the evidence of piracy and to participate in the infringement on a massive scale.

COMPLAINT 9

MANN LAW GROUP PLLC
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

24.     To put this case in context, in 2007, Jammie Thomas-Rasset, a single mother of four in Brainerd, Minnesota, was found liable, after three separate jury trials, for copyright infringement for using file sharing software that enabled the unauthorized downloading and distribution of 24 recordings by the Goo Goo Dolls and Def Leppard, among others. The juries awarded statutory damages in all three trials of up to $80,000 per infringement. The Eighth Circuit Court of Appeals ultimately affirmed statutory damages in the amount of $9,250 for each infringed recording, for a total award of $222,000. Ms. Thomas-Rassett declared bankruptcy as she had "no other option."

25.     In 2009, Joel Tenenbaum, a Massachusetts college student, who also used file-sharing software that permitted others to download 30 recordings by Limp Bizkit and Blink-182, was found liable and the jury awarded statutory damages of $22,500 per recording, for a judgment that totaled $675,000 forcing Mr. Tenenbaum to file for Chapter 7 bankruptcy.

26.     Unlike Ms. Thomas-Rassett and Mr. Tenenbaum who were not alleged to have sold their infringing recordings or profited from their conduct, Defendants in this case have engaged in massive music piracy operation for the purpose of generating profits from their sales of pirated recordings and by other means.

27.     The copyright infringement operation detailed in this Complaint is only the latest in a long line of piracy schemes that have plagued composers, publishers, and record labels since the inception of the music industry over 100 years ago, when the perforated rolls used by player pianos to perform musical works were pirated. See *Aeolian Co. v. Royal Music Co.*, 196 F. 926 (W.D.N.Y. 1912).

28.     As the technology employed by the music industry to reproduce musical works advanced, bootlegging efforts by music pirates kept pace. In the 1960s and 1970s, organized criminal enterprises engaged in record and tape piracy operations on a scale that is dwarfed by the infringing conduct explained herein. Like the

MANN LAW GROUP PLLC
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

Defendants in this case, the "tape pirates" and "record pirates" of years past unlawfully duplicated popular pre-existing recordings, and then claimed their liability was limited by the compulsory license provision of the 1909 Copyright Act, § 1(e).

29.     The landmark case *Duchess Music Corp. v. Stern*, 458 F.2d 1305 (9th Cir. 1972) settled the issue as to whether tape pirates could limit their liability for piracy under the compulsory license provision of the 1909 Copyright Act. In *Duchess*, the defendant tape pirate engaged in the same conduct identified in this Complaint, and claimed her conduct was lawful because the compulsory license provision of the Copyright Act authorized the reproduction and distribution of the musical works embodied on the recordings she pirated. The Ninth Circuit rejected the argument, stating, "She may not continue her piracy under the flag of compulsory licensing." The *Duchess* court concluded that the tape pirates' activity was ineligible for a compulsory license and that reproduction of a musical composition on a pirated recording infringed the copyright in the composition, even when a compulsory license was claimed.[3]

30.     The holding in *Duchess* was codified when the Copyright Act was revised in 1976. The statutory bar against compulsory licensing of pirated recordings continues in the recent amendments to Section 115 of the Copyright Act, which provides that reproduction and distribution of pirated sound recordings is not a covered activity under Section 115 and is ineligible for a compulsory license.

31.     Defendants are nothing more than modern tape pirates and their conduct constitutes willful copyright infringement of the Subject Compositions in violation of

---

[3] The criminal conduct of "tape pirates" became a priority of the Attorney General of the United States, Edward H. Levi, in 1975 when the Justice Department determined that decisions reached by four Circuit Courts of Appeals, including the Ninth Circuit in *Duchess*, rendered tape pirates criminally liable even where the statutory royalty was tendered. See *Heilman v. Levi*, 391 F.Supp. 1106 (E.D.Wisc. 1975). Criminal copyright infringement sentences continue to this day. See *Matter of Zaragoza-Vaquero*, 26 I&N Dec. 814 (BIA 2016)(defendant sentenced to 33 months in prison and ordered to be removed from the United States for selling bootleg copies of music CDs at a Florida flea market, as a crime involving moral turpitude).

COMPLAINT 11

the United States Copyright Act [17 U.S.C. §§ 101, 106, 115, 501, 602 *et seq.*] (the "Copyright Act").

### SA Music, LLC

32.     Plaintiff SA Music, LLC is a Nevada limited liability company and Sam Arlen is the sole member of the company.

### The Harold Arlen Trust

33.     Plaintiff William Kolbert is the Trustee of the Harold Arlen Trust (the "Harold Arlen Trust"), a trust created by Harold Arlen in his will.

### Amazon

34.     Upon information and belief, Defendant Amazon.com, Inc. is a corporation organized under the laws of the State of Delaware with a place of business at 410 Terry Ave. N Seattle, WA 98109.

35.     Upon information and belief, Defendant Amazon Digital Services LLC is a limited liability company organized under the laws of the State of Delaware with a place of business at 410 Terry Avenue N, Seattle, WA 98109. Defendants Amazon.com, Inc. and Amazon Digital Services LLC are united in interest and shall be referred to, individually and collectively, as "Amazon".

36.     Amazon has owned and operated a digital music store under various names since 2007, including "Amazon MP3" at launch and currently, "Amazon Music Store" or "Digital Music Store" that sells permanent downloads. Amazon currently offers a catalog of over 40 million tracks for sale as permanent downloads in the U.S.

37.     Amazon specifically selected and contracted with Valleyarm and/or Limitless to provide the Limitless digital music catalog to be sold through the Amazon music store on negotiated financial terms.

38.     Amazon received all of the recordings of the Subject Compositions identified on Exhibit B from Limitless and/or Valleyarm. Amazon then reproduced, distributed and sold these pirated recordings of the Subject Compositions through the

COMPLAINT 12

Amazon music store, without any licenses, as permanent downloads among other types of digital phonorecord deliveries identified herein.

### *Valleyarm*

39.     Upon information and belief, Defendant Valleyarm Digital Limited ("Valleyarm") is a business entity organized under the laws of Australia with a place of business at Suite 1.09, 838 Collins Street, Docklands, VIC 3008, Australia.

40.     Valleyarm has distributed, and continues to distibute, digital music to the Amazon music store and has delivered thousands of recordings to the Amazon music store for sale throughout the U.S.

41.     Valleyarm specifically selected and contracted with Limitless to provide the Limitless digital music catalog to be sold through the Amazon music store on negotiated financial terms.

42.     At Limitless' direction, Valleyarm unlawfully reproduced all of the pirated recordings of the Subject Compositions identified on Exhibit B, distributed them to Amazon, and  unlawfully authorized Amazon to make digital phonorecord deliveries, as specifically set forth in Exhibit B.

### *Limitless*

43.     Upon information and belief, Defendant Lenandes Ltd ("Lenandes") is a company organized under the laws of the United Kingdom with a registered office address at 10 Philpot Lane, London, England, EC3M 8AA.

44.     Upon information and belief, Defendant Giacomo Verani ("Verani") is the sole director and shareholder of Lenandes and controls its operations.

45.     Upon information and belief, Defendant Limitless Int. Recordings is a business entity whose country of origin and business address are unknown to Plaintiffs and is controlled by Verani and/or is the trade name under which Verani and/or Lenandes are operating. Lenandes, Verani, and Limitless Int. Recordings are united in interest and shall be referred to, collectively, as "Limitless".

COMPLAINT 13

46.     Upon information and belief, Limitless directly pirated pre-existing recordings embodying the Subject Compositions identified on Exhibit B, distributed them to Valleyarm and/or Amazon, unlawfully authorized Valleyarm's distribution and delivery of the pirated recordings to Amazon for sale through the Amazon music store, and unlawfully authorized Valleyarm and Amazon's making of digital phonorecord deliveries in Amazon's music store as specifically set forth in the annexed Exhibit B.

47.     Upon information and belief, Limitless is simply duplicating recordings of the Subject Compositions made by others without permission and authorizing Valleyarm and Amazon to sell reproductions of the pirated copies for profit through the Amazon music store.

## Jurisdiction, Venue and Joinder

48.     This Court has personal jurisdiction over Defendants. Amazon has its principal place of business in Washington and all Defendants have purposefully availed or directed their infringing activities in Washington.

49.     Further, Plaintiffs' copyright infringement claims arise out of (a) the reproduction and distribution of pirated recordings of the Subject Compositions listed in Exhibit B, occurring in Washington, directly by Defendants and/or at their purposeful direction and availment, including the sale of pirated recordings of Subject Compositions to Washington residents; or (b) transactions consummated within Washington between Valleyarm and Amazon, concerning reproduction, distribution and delivery of the pirated recordings of the Subject Compositions.

50.     Limitless intentionally directed its distributor, Valleyarm, to distribute the pirated recordings to Amazon in Washington for sale through the Amazon music store.

51.     Valleyarm and Limitless intentionally distributed and delivered the pirated recordings of the Subject Compositions identified in Exhibit B to Amazon,

MANN LAW GROUP PLLC
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

and unlawfully authorized Amazon to reproduce these pirated recordings of the Subject Compositions through the Amazon music store and to sell permanent downloads to Washington consumers.

52.     Venue is proper in this District pursuant to 28 U.S.C §§ 1391(b), 1391(c) and 1400(a) because Amazon has its principal place of business in this state. In addition, Defendants are subject to personal jurisdiction in this Judicial District and have committed unlawful acts of infringement in this Judicial District.

53.     Joinder of Limitless, Valleyarm and Amazon is proper under Fed. R. Civ. P. 20 because Defendants are jointly and severally liable as members of a distinct distribution chain for the acts of copyright infringement identified herein.

### Harold Arlen

54.     Harold Arlen (1905–1986) was a master composer and a highly regarded contributor to the Great American Songbook. The son of a synagogue cantor, Arlen was born in Buffalo, New York and emerged as one of the greatest American composers and songwriters, writing extraordinarily complex melodies and harmonies that remained accessible to a broad popular audience.

55.     Early in his career, Arlen wrote songs for musicals, including the entire scores for Broadway shows such as Cotton Club Parade, Life Begins at 8:40, Bloomer Girl, St. Louis Woman, Jamaica and Saratoga, among others.

56.     Arlen was also active in Hollywood and composed the music for some of the greatest film musicals of all time, most notably all the music in the 1939 motion picture classic "The Wizard of Oz," including *Ding, Dong! The Witch Is Dead*, *We're Off To See The Wizard*, and *Over The Rainbow*.

57.     *Over The Rainbow,* performed by Judy Garland in the film, won the Academy Award for Best Original Song. The song is one of the most enduring standards of the 20th century and was voted number one on the "Songs of the Century" list compiled by the Recording Industry Association of America and the National

**MANN LAW GROUP PLLC**
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

Endowment for the Arts. The American Film Institute also ranked *Over The Rainbow* the greatest movie song of all time.

58.     Arlen successfully collaborated with the greatest Tin Pan Alley lyricists, including "Yip" Harburg, Ira Gershwin, Johnny Mercer, Leo Robin and Ted Koehler.

59.     Arlen's partnership with Harburg extended over many decades. With Billy Rose, they wrote *It's Only A Paper Moon* in 1933. They followed up with a successful revue, Life Begins at 8:40, which included lyric collaborations with his old friend, Ira Gershwin, including *Fun to Be Fooled*, *You're A Builder Upper*, and *Let's Take A Walk Around The Block*.

60.     Arlen was inducted into the Songwriters Hall of Fame in 1971 and was honored with its highest accolade, the Johnny Mercer Award, in 1982. In 1996, Arlen was honored and memorialized by the U.S. Postal Service with his own stamp:



**SA Music LLC and the Harold Arlen Trust**

61.     Harold Arlen's son, Sam Arlen, acquired the U.S. copyrights in the Subject Compositions between 1989 and 2015, by termination notices that he, as sole statutory heir under Section 304 of the Copyright Act of 1976, served and filed with Copyright Office.

62.     In 2018, Sam Arlen assigned the U.S. copyrights in the Subject Compositions, as set forth in the Composition Chart annexed as Exhibit A, along with

COMPLAINT 16

all accrued causes of action, to his company, SA Music, LLC. SA Music, LLC is the legal and/or beneficial owner of the U.S. copyright in certain of the Subject Compositions as identified in Exhibit A, along with all accrued causes of action.

63.     Plaintiff Harold Arlen Trust acquired the U.S. copyrights identified in the Composition Chart annexed as Exhibit A by operation of will and through termination notices served and filed by Harold Arlen during his lifetime with the U.S. Copyright Office under Section 304 of the Copyright Act of 1976.

64.     Plaintiff Harold Arlen Trust is the legal owner of certain of the U.S. copyright in certain of the Subject Compositions as identified in Exhibit A, along with all accrued causes of action.

## The Subject Compositions

65.     Plaintiffs are the owners of the musical compositions listed in the Composition Chart annexed as Exhibit A (collectively, the "Subject Compositions") that are the subject of this action.

66.     The copyrights for all the Subject Compositions have been registered and renewed with the U.S. Copyright Office, and each Subject Composition is the subject of a valid U.S. copyright. The Composition Chart annexed as Exhibit A identifies the copyright registration numbers for each of the Subject Compositions.

67.     Plaintiffs are the owner of a share in each of the Subject Compositions in the percentages listed on Exhibit A.

68.     As discussed more fully below, the Defendants have infringed, and are continuing to infringe, the copyright in each of the Subject Compositions by willfully reproducing and distributing them without a license.

## Background

69.     Before digital music distribution, recorded music was physically distributed through brick-and-mortar stores that were confined by the limitations of

COMPLAINT 17

shelf space. Recording artists signed exclusive recording contracts with record labels in order to have their records pressed and distributed in national record stores.

70.     It is hard to imagine that a person walking into Tower Records, off the street, with arms full of CDs and vinyl records and claiming to be the record label for Frank Sinatra, Louis Armstrong and Ella Fitzgerald, could succeed in having that store sell their pirated copies directly next to the same albums released by legendary record labels, Capitol, RCA and Columbia, and at a lower price.

71.     Yet, this exact practice occurs every day in the digital music business, where there is unlimited digital shelf space (for example, there are more than 50 million recordings in the Amazon music store) and a complete willingness by the digital music stores to seek popular and iconic recordings from any source, legitimate or not, provided they participate in sharing the proceeds.

72.     The iconic status of the pirated recordings of the Subject Compositions at issue in this case cannot be overstated. Any list of the most popular singers and musicians of any period between 1930 and 1970 would be replete with the artists who have recorded Plaintiffs' musical works, some of them multiple times.

73.     All the recordings on the Infringement Chart (Exh. B) embodying the Subject Compositions are pirated copies, or "bootlegs." Defendants' digital phonorecord deliveries of these pirated copies were all made without authorization from the copyright owners of the sound recordings or those who originally "fixed" them as required by Section 115 (discussed below), and the copyright owners of the Subject Compositions.

74.     Defendants all generate illicit revenue for themselves when these and other pirated copies are sold or distributed. Plaintiffs have not authorized any reproduction or distribution of these pirate recordings of the Subject Compositions (or any identified on Exhibit B) and it is an infringement for which all the Defendants are jointly and severally liable.

COMPLAINT 18

**The Pirated Recordings**

75.    All of the recordings identified in Exhibit B are pirated. Defendants have taken recordings of the Subject Compositions – in which they hold no rights – and reproduced and distributed pirated copies of them to the public, for profit, without authorization.

76.    Virtually all of the recordings at issue in this case were originally made between 1930 and 1972.

77.    Since Limitless did not originally "fix" any of the relevant recordings, the only way for it to acquire the rights to duplicate and distribute them would be to purchase or license rights in these recordings.

78.    Upon information and belief, Limitless never acquired permission or the rights to reproduce or distribute any of these recordings from any person who lawfully fixed them or from the owner of the copyright in the sound recording. Limitless is simply duplicating previously released recordings and selling them as if they were the rightful owner. Valleyarm and Amazon are duplicating Limitless's pirated sound recordings of the Subject Compositions and selling the pirated copies for profit.

**Defendants Have Infringed the Subject Compositions**

79.    Section 115 of the Copyright Act expressly excludes Defendants' reproduction and distribution of pirated recordings of the Subject Compositions as a covered activity eligible for a compulsory license under Section 115 and Defendants have failed to obtain any licenses for the Subject Compositions that authorize such activity.

80.    The Infringement Chart annexed as Exhibit B sets forth (1) each pirated recording of the Subject Compositions within the Limitless, Valleyarm, Amazon distribution chain thus far identified by Plaintiffs that these Defendants have reproduced, distributed, and/or made available for digital phonorecord deliveries through Amazon's digital music store without authorization.

COMPLAINT 19

**MANN LAW GROUP PLLC**
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

81.    The various types of unauthorized reproductions, distributions, and/or digital phonorecord delivery configurations of each of the pirated recordings of the Subject Compositions made and/or authorized by Defendants are discussed briefly below.

### *Permanent Downloads*

82.    Permanent download means a digital transmission of a sound recording of a musical work in the form of a download, where such sound recording is accessible for listening without restriction as to the amount of time or number of times it may be accessed.

83.    Amazon has made available, reproduced, and distributed permanent downloads of the recordings of the Subject Compositions listed on Exhibit B to its customers.

84.    Amazon was unlawfully authorized and directed to do so by Limitless and/or Valleyarm.

85.    Reproducing or distributing permanent downloads of recordings of the Subject Compositions require licenses from the copyright owners of the Subject Compositions and all of the Defendants failed to obtain such licenses for each entry on the Infringement Chart at Exhibit B.

86.    The reproduction and distribution of permanent downloads of recordings of the Subject Compositions by Amazon, and the authorization of this activity by Limitless and Valleyarm, infringes Plaintiffs' exclusive reproduction and distribution rights under 17 U.S.C. § 106(1) and (3).

### *Promotional Clips*

87.    Defendant Amazon has a feature in its online music store that allows users to interactive stream a sample, promotional clip, of the recordings that are available for sale as permanent downloads.

COMPLAINT 20

88.     These promotional clips are 30–90 seconds long and their purpose is to encourage the purchase of the tracks as permanent downloads.

89.     Amazon has distributed copies of the recordings of the Subject Compositions identified on Exhibit B as promotional clips in its online music store.

90.     These promotional clips of recordings of the Subject Compositions are interactive streams that require a license from the copyright owners of the Subject Compositions and Defendants all failed to obtain such licenses for each entry on the Infringement Chart annexed as Exhibit B.

91.     Defendants reproduction and distribution of promotional clips of pirated recordings of the Subject Compositions, and authorization of this activity by the respective Pirate Label and Distributor Defendants, infringes Plaintiffs' exclusive reproduction and distribution rights under 17 U.S.C. § 106(1) and (3).

***Server Copies***

92.     Amazon has reproduced at least one copy of each recording of the Subject Compositions identified on Exhibit B on its servers for sale of permanent downloads through the Amazon music store as server copies.

93.     Amazon was unlawfully authorized to engage in this activity by Limitless and/or Valleyarm.

94.     Making server copies of any of the recordings embodying the Subject Compositions identified on Exhibit B requires a license from the copyright owners of the Subject Compositions.

95.      All Defendants failed to obtain such licenses for each of the recordings embodying the Subject Compositions identified on Exhibit B.

96.     Amazon's reproduction of server copies of pirated recordings of the Subject Compositions for sale of permanent downloads through the Amazon music store, and authorization of this activity by Limitless and Valleyarm, as well the distribution of the server copies of pirated recordings of Subject Composition to

**MANN LAW GROUP PLLC**
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

Amazon, by Limitless and/or Valleyarm, infringes Plaintiffs' exclusive reproduction and distribution rights under 17 U.S.C. § 106(1) and (3).

### *Making Available*

97.    Defendants have made and continue to make available, or authorize making available, permanent downloads of the recordings of the Subject Compositions identified on Exhibit B to the public by delivering, uploading and/or offering them as permanent downloads through the Amazon music store.

98.    The Defendants' making available recordings of the Subject Compositions identified on Exhibit B for permanent downloads, and authorization of this activity, by Limitless and/or Valleyarm, requires a license from the copyright owners of the Subject Compositions

99.    Defendants failed to obtain such licenses for each recording of the Subject Compositions identified on Exhibit B and have thereby infringed Plaintiffs' exclusive distribution rights under 17 U.S.C. § 106(3) as a "deemed distribution." *A&M Records v. Napster*, 239 F.3d 1004, 1014 (9th Cir. 2001); *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701 718–19 (9th Cir. 2007).

### *Importation*

100.    Importation of phonorecords of a musical composition acquired outside the U.S. requires authorization of the owner of the copyright of the musical composition under Section 602 of the Copyright Act. Importation without the authority of the owner of the copyright in that composition is an infringement of the exclusive distribution rights under 17 U.S.C. § 106(3).

101.    Defendants have engaged in the unauthorized importation of phonorecords of the Subject Compositions, acquired outside the U.S., by digital phonorecord deliveries, or other means.

102.    Limitless and Valleyarm are located outside the United States. Valleyarm, at the direction of Limitless, and Amazon have engaged in the importation

MANN LAW GROUP PLLC
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

of phonorecords of each recording embodying the Subject Compositions listed on Exhibit B into the United States by digital phonorecord delivery, or other delivery of phonorecords.

103.   None of the Defendants obtained importation authorization from the U.S. copyright owners of the Subject Compositions.

104.   Defendants' respective importations of phonorecords embodying the Subject Compositions identified on Exhibit B infringe Plaintiffs' exclusive importation rights under 17 U.S.C. § 602 and distribution rights under 17 U.S.C. § 106(3).

**Willfulness**

105.   The infringing conduct of all of the Defendants is willful. Limitless knows that it does not have authority to reproduce, distribute or for importation of the recordings of the Subject Compositions listed on Exhibit B, or to authorize these actions by Valleyarm and Amazon. Limitless has pirated thousands of recordings and sold them in the United States through the Amazon music store.

106.   Similarly, Valleyarm did not perform any investigation or due diligence to confirm that Limitless had authorization to reproduce, distribute, make, or authorize the making of digital phonorecord deliveries, or the importation, of the recordings of the Subject Compositions identified on Exhibit B.

107.   In fact, Valleyarm has had knowledge of the infringing conduct of Limitless and has nevertheless continued to make digital phonorecord deliveries and other reproductions and distributions of the pirated recordings of the Subject Compositions that Limitless provides without licenses, and/or were recklessly indifferent or willfully blind to their own infringing conduct.

108.   Further, Amazon has had knowledge of its own infringing conduct and that of Limitless and Valleyarm and has continued to work with them and make digital phonorecord deliveries and other reproductions and distributions of the pirated

COMPLAINT 23

1  recordings of the Subject Compositions that Limitless and Valleyarm provide and/or
2  were recklessly indifferent or willfully blind to their own infringing conduct.

3      109.   Amazon has willfully failed to employ adequate human resources,
4  screening mechanisms, or use of digital fingerprinting technology to detect
5  unlawfully duplicated recordings in their stores that it routinely uses for other
6  services, for example, Amazon's "scan and match" service.

7      110.   In addition to the recordings identified on Exhibit B, there are believed
8  to be many other pirated recordings of the Subject Compositions that Defendants have
9  reproduced and distributed without authorization that Plaintiffs have not yet identified
10  or that are no longer available on the Amazon music store.

11      111.   The infringement by Defendants of each Subject Composition on each
12  pirated recording identified in the Infringement Chart at Exhibit B began as of the
13  date of upload, receipt, delivery to and/or reproduction by Amazon of server copies
14  of the pirated recordings of the Subject Compositions designated for reproduction and
15  distribution by Limitless and/or Valleyarm through the Amazon music store and
16  continues to the present. The infringements identified in Exhibit B all occurred within
17  three years of filing this Complaint.

18      112.   By their conduct described above, Defendants have infringed and are
19  continuing to infringe Plaintiffs' copyrights on a regular basis in violation of 17
20  U.S.C. §§ 101, 106, 115, 501, 602 *et seq*.

21      113.   As a direct and proximate result of Defendants' infringement, Plaintiffs
22  are entitled to elect either an award of actual damages, including Defendants' profits,
23  or statutory damages under 17 U.S.C. § 504(c).

24      114.   Defendants' infringement is and has been willful, intentional, purposeful
25  and with willful disregard of the rights of Plaintiffs. Anything less than maximum
26  statutory damage awards would encourage infringement, amount to a slap on the
27  wrist, and reward Defendants for their willful infringement on a grand scale.

28

COMPLAINT 24

**MANN LAW GROUP PLLC**
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

115.   Plaintiffs are also entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

116.   Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting Defendants from reproducing, distributing, importing and selling the pirated recordings of the Subject Compositions without license or authorization in violation of the Copyright Act.

<h3 style="text-align:center"><b>Claim for Copyright Infringement Against<br>Amazon, Valleyarm, and Limitless</b></h3>

117.   Plaintiffs repeat each and every allegation of the Complaint.

118.   Plaintiffs  SA Music LLC and William Kolbert as Trustee of the Harold Harlen Trust claim that Defendants Amazon, Valleyarm, and Limitless have unlawfully reproduced, distributed, and imported unauthorized recordings embodying the Subject Compositions including, but not limited to, the recordings identified in Exhibit B by the methods identified herein, and/or have unlawfully directed or authorized this activity.

119.   Defendants have thereby willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions in violation of the Copyright Act.

<h3 style="text-align:center"><b>Prayer for Relief</b></h3>

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants, jointly and severally, as follows:

1.   A declaration that Defendants have infringed Plaintiffs' copyrights in the Subject Compositions in violation of the Copyright Act;

2.   A declaration that each of Defendants' infringements was willful;

3.   At Plaintiffs' election, an award of Plaintiffs' actual damages, including Defendants' profits, or a separate award of statutory damages in amounts to be determined by the jury for all infringements involved in the action,

MANN LAW GROUP PLLC
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900

with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally;

4. A permanent injunction barring the Defendants from continued infringement of Plaintiffs' copyrights in the Subject Compositions pursuant to 17 U.S.C. § 502; and

5. Reasonable attorneys' fees and costs of this action, statutory pre-judgment interest, and such other relief as this Court may deem just and proper.

Dated:    New York, New York
          January 20, 2020

Respectfully submitted,

By:    *s/ Philip P. Mann*
       Philip P. Mann, WSBA No: 28860
       MANN LAW GROUP PLLC
       1218 Third Avenue, Suite 1809
       Seattle, Washington  98101
       Phone: (206) 436-0900
       Fax: (866) 341-5140
       E-mail: phil@mannlawgroup.com

       Matthew F. Schwartz  (*Pro Hac Vice Pending*)
       SCHWARTZ, PONTERIO & LEVENSON, PLLC
       134 West 29th Street, Suite 1006
       New York, New York 10001
       Phone: (212) 714-1200
       E-mail: mschwartz@splaw.us

       *Attorneys for Plaintiffs*

1

## JURY DEMAND

2          Pursuant to Fed. R. Civ. P. 38(b), Local Civil Rule 38, and otherwise, Plaintiffs

3    respectfully demand a trial by jury on all issues so triable.

4    DATED:  January 20, 2020

5                                                 Respectfully submitted,

6
                                   By:      *s/ Philip P. Mann*
7                                           Philip P. Mann, WSBA No: 28860
8                                           MANN LAW GROUP PLLC
                                            1218 Third Avenue, Suite 1809
9                                           Seattle, Washington  98101
10                                          Phone: (206) 436-0900
                                            Fax: (866) 341-5140
11                                          E-mail: phil@mannlawgroup.com
12
                                            Matthew F. Schwartz  (*Pro Hac Vice Pending*)
13                                          SCHWARTZ, PONTERIO & LEVENSON, PLLC
14                                          134 West 29th Street, Suite 1006
                                            New York, New York 10001
15                                          Phone: (212) 714-1200
16                                          E-mail: mschwartz@splaw.us
17                                          *Attorneys for Plaintiffs*
18

19

20

21

22

23

24

25

26

27

28

**MANN LAW GROUP PLLC**
107 Spring St.
Seattle, WA  98104
TELEPHONE: (206) 436-0900