Honorable Brian A. Tsuchida

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SA MUSIC, LLC, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., et. al., <br><br> Defendants. | Case No. 20-cv-0105-BAT <br> (Arlen Action) <br><br> **PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE DISMISSAL OF THEIR MAKING AVAILABLE CLAIMS** <br><br> **Noted for Consideration:** <br> **June 26, 2020** |
| RAY HENDERSON MUSIC CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., et. al., <br><br> Defendants. | Case No. 20-cv-0106-BAT <br> (Henderson Action) <br><br> **PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DISMISSAL OF ITS MAKING AVAILABLE CLAIMS** <br><br> **Noted for Consideration:** <br> **June 26, 2020** |
| FOUR JAYS MUSIC COMPANY, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., et. al., <br><br> Defendants. | Case No. 20-cv-0107-BAT <br> (Warren Action) <br><br> **PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE DISMISSAL OF THEIR MAKING AVAILABLE CLAIMS** <br><br> **Noted for Consideration:** <br> **June 26, 2020** |

PLAINTIFFS' MOTION FOR RECONSIDERATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

MANN LAW GROUP PLLC
1420 Fifth Avenue – Suite 2200
Seattle, WA  98101
Telephone: (206) 436-0900

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

Relief Requested.............................................................................................. 1

Standard of Review ......................................................................................... 1

ARGUMENT ................................................................................................... 1

Point 1: The Ninth Circuit Recognizes the Making Available Right ................. 1

Point 2: The Decision Misapplied the Ninth Circuit's Holdings in Perfect 10 and Napster ....................................................................................................... 2

    *Napster* ..................................................................................................... 2

    *Perfect 10* ................................................................................................ 3

    *Perfect 10* Reaffirmed *Napster* ............................................................... 4

    Payment Is Not Relevant to Distribution ................................................. 5

Point 3: *Zillow* Is Not Analogous ..................................................................... 5

Conclusion ....................................................................................................... 6

TABLE OF CONTENTS AND
TABLE OF AUTHORITIES
CASE NO. 20-CV-0105-BAT
CASE NO. 20-CV-0106-BAT
CASE NO. 20-CV-0107-BAT

**MANN LAW GROUP PLLC**
1420 Fifth Avenue – Suite 2200
Seattle, WA 98101
Telephone: (206) 436-0900

i

## TABLE OF AUTHORITIES
### Cases

*A&M Records, Inc. v. Napster, Inc.*,
  239 F.3d 1004 (9th Cir. 2001) .................................................................................. 1-5

*Capitol Records, LLC v. BlueBeat, Inc.*,
  2009 WL10681963 (C.D.Cal 2007) .............................................................................. 2

*Church of Scientology of California v. U.S. Dept. of Justice*,
  612 F.2d 417 (9th Cir. 1979) ........................................................................................ 6

*Columbia Pictures Industries, Inc. v. Fung*,
  710 F.3d 1020 (9th Cir. 2013) ...................................................................................... 2

*Harper & Row Publs., Inc. v. Nation Enters.*,
  471 U.S. 539, 105 S.Ct. 2218 (1985) ........................................................................... 5

*Laws v. Sony Music Entm't Inc.*
  448 F.3d 1134 (9th Cir.2006) ....................................................................................... 1

*L'Anza Researc Intern., Inc. v. Quality King Distributors, Inc.*,
  98 F.3d 1109 (9th Cir. 1996) ........................................................................................ 1

*Maloney v. T3Media Inc.*,
  853 F.3d 1004 (9th Cir. 2017) ...................................................................................... 1

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
  518 F.Supp.2d 1197 (C.D.Cal 2007) ............................................................................ 1

*Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*,
  215 F.R.D. 581 (D. Ariz. 2003) .................................................................................... 1

*Northwest Home Designing Inc. v. Sound Built Homes Inc,,*
  776 F.Supp.2d 1210 (W.D.Wa 2011) ........................................................................... 1

*Perfect 10 v. Amazon.com, Inc.*,
  508 F.3d 1146 (9th Cir. 2007) .................................................................................. 2-4

*VHT, Inc. v. Zillow Grp., Inc.*,
  918 F.3d 723 (9th Cir. 2019) .................................................................................... 5-6

*Washington Shoe Co. v. A-Z Sporting Goods Inc.*,
  704 F.3d 668 (9th Cir. 2012) ........................................................................................ 1

TABLE OF CONTENTS AND
TABLE OF AUTHORITIES
CASE NO. 20-CV-0105-BAT
CASE NO. 20-CV-0106-BAT
CASE NO. 20-CV-0107-BAT

**MANN LAW GROUP PLLC**
1420 Fifth Avenue – Suite 2200
Seattle, WA 98101
Telephone: (206) 436-0900

ii

**Statutes**

17 U.S.C. § 101 ............................................................................................................. 3, 5

17 U.S.C. § 106 ........................................................................................................... passim

**Other Authorities**

Copyright Office Report ...................................................................................................... 6

TABLE OF CONTENTS AND
TABLE OF AUTHORITIES
CASE NO. 20-CV-0105-BAT
CASE NO. 20-CV-0106-BAT
CASE NO. 20-CV-0107-BAT

**MANN LAW GROUP PLLC**
1420 Fifth Avenue – Suite 2200
Seattle, WA 98101
Telephone: (206) 436-0900

iii

## RELIEF REQUESTED

Plaintiffs respectfully submit this Motion for Reconsideration of the Court's June 12, 2020 Decision and Order (Arlen ECF 44, Henderson ECF 40, Warren ECT 41) (the "Decision").[1] The Ninth Circuit is clear that a copyright owner enjoys the exclusive right to control whether copies of his work are made available to the public. The Complaint adequately states a claim under this theory which should not be dismissed at the pleading stage.

## STANDARD OF REVIEW

"The Court has discretion to reconsider and vacate a prior order." *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) While a motion for reconsideration is an "extraordinary remedy" to be used sparingly in rare circumstances, *id.,* Plaintiffs respectfully submit that this is one such instance where the Court should exercise its discretion and reconsider.

## ARGUMENT

### Point 1

### The Ninth Circuit Recognizes the Making Available Right

We respectfully submit that, in granting the motion to dismiss, the Court overlooked controlling decisions in which the Ninth Circuit has held repeatedly that the distribution right includes the right to control whether a work is made available to the public. "The distribution right in § 106(3) allows the copyright owner to decide 'when, under what circumstances, and for what price he will release copies of his work to the public.'" *L'Anza Researc Intern., Inc. v. Quality King Distributors, Inc.*, 98 F.3d 1109 (9th Cir. 1996) "The copyright is the right to control the work, **including the decision to make the work available** to or withhold it from the public." *Laws v. Sony Music Entm't, Inc.,* 448 F.3d 1134, 1137 (9th Cir.2006); *Maloney v. T3Media Inc.*, 853 F.3d 1004 (9th Cir. 2017); *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 ,678 (9th Cir. 2012); *Northwest Home Designing Inc. v. Sound Built Homes Inc*, 776 F.Supp.2d 1210, 1215 (W.D.Wa 2011).

---

[1] The Decision relates to all three cases. This motion is being filed in identical format in all three cases.

PLAINTIFFS' MOTION FOR RECONSIDERATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

1

**MANN LAW GROUP PLLC**
1420 Fifth Avenue – Suite 2200
Seattle, WA  98101
Telephone: (206) 436-0900

Further, copyright owners "have the exclusive right to decide when and how their material should be reproduced and/or distributed, regardless of whether their decisions make good business sense." *Metro-Goldwyn-Mayer Studios, inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1218 (C.D.Cal 2007); see *Capitol Records, LLC v. BlueBeat, Inc.*, 2009 WL10681963, *5 (C.D.Cal 2007)("every day that Defendants **offer** the Beatles catalog for digital download or on-demand streaming irreparably harms Plaintiffs' exclusive right to control the use of its copyrighted materials.").

The court's decision in *Capitol Records, LLC v. BlueBeat, Inc.*, 2009 WL10681963, *5 (C.D.Cal 2007) is instructive. In *Capitol Records*, the defendant operated a website offering users the ability to purchase or download albums or individual recordings, at the price of $0.25 per track. *Id*. at *1. The Plaintiff record labels brought suit alleging that their recordings were "being made available for download or streaming" in violation of 17 U.S.C. § 106. The Court enjoined Bluebeat from offering Plaintiffs' works as downloads. *Id*. at 5. The Court reasoned, "[a]s copyright owners, Plaintiffs have the exclusive right to decide when and how their material should be reproduced and/or distributed, regardless of whether their decisions make good business sense." *Id*. at 5.

**Point 2**

**The Decision Misapplied the Ninth Circuit's
Holdings in *Perfect 10* & *Napster***

We respectfully submit that the Court misapplied the Ninth Circuit's decisions in *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) and *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) in granting the motion to dismiss. The Decision states that *Napster* did not analyze whether the distribution right was infringed by making copies available and that *Perfect 10* held actual dissemination was required. This is not the case. [2]

*Napster*

The Decision cited *Napster* for the proposition that "[t[he Ninth Circuit consistently requires that an actual distribution occur." Decision, 9. Respectfully, this is not what *Napster* court held.

---

[2] The Decision also cites *Columbia Pictures Inds., Inc. v. Fung*, 710 F.3d 1020 (9th Cir. 2013) for holding that actual dissemination is required to infringe 106(3). *Fung* held uploading infringed Section 106(3) but does restrict infringement of Section 106(3) to uploading copyrighted works.

PLAINTIFFS' MOTION FOR RECONSIDERATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

2

MANN LAW GROUP PLLC
1420 Fifth Avenue – Suite 2200
Seattle, WA 98101
Telephone: (206) 436-0900

1    In *Napster,* the Ninth Circuit expressly found that, "Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights." *Napster,* at 1014. The *Napster* court therefore found a violation of the distribution right without citing any evidence of actual dissemination and based solely on the fact that users had "upload[ed] *file names* to the search index for others to copy…" *Id.* (emphasis added)  The *Napster* decision cited no evidence of actual dissemination (file names were uploaded, not copies). The only evidence before the court was that Napster users had made file names available in the index. ("B. Listing Available Files," *Napster,* at 1011; "C. Searching For Available Files," *Napster,* at 1012.

   Actual dissemination of copies was not considered or required by the Ninth Circuit and it is clear that its finding of a violation of the distribution right was based solely on the evidence that Napster users made works available by uploading files names for others to copy. This determination that Napster users infringed 106(3) was necessary the Court to find Napster secondarily liable. *Napster* at n. 2. We respectfully submit that it was error to read *Napster* to require of actual dissemination as a basis for violation of the distribution right under Section 106(3).

### *Perfect 10*

   The Decision states that in *Perfect 10*, "the Ninth Circuit affirmed the district court's conclusion that that distribution requires an 'actual dissemination' as being consistent with the language in the Copyright Act." *Decision*, p. 10. Respectfully, this is incorrect because the Ninth Circuit actually affirmed the district court's holding for a different reason. We submit that *Perfect 10* holds that distribution requires possession of copies, not actual dissemination, and making copies available to be obtained infringes the distribution right.

   The Decision incorrectly reads *Perfect 10* to affirm the district court's **reasoning** that actual dissemination is required to infringe the distribution right when, in fact, the Ninth Circuit had only affirmed the district court's **conclusion** that Google had not distributed "copies" as consistent with the language of the Copyright Act. This Court incorrectly conflated what the Ninth Circuit identified as the district court's reasoning with the its ultimate conclusion:

   > The district court also **concluded** that Perfect 10 would not likely prevail on its claim that Google directly infringed Perfect 10's right to distribute its full-

PLAINTIFFS' MOTION FOR RECONSIDERATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

3

MANN LAW GROUP PLLC
1420 Fifth Avenue – Suite 2200
Seattle, WA  98101
Telephone: (206) 436-0900

> size images. *Perfect 10,* 416 F.Supp.2d at 844–45. The district court **reasoned** that distribution requires an "actual dissemination" of a copy. *Id.* at 844. Because Google did not communicate the full-size images to the user's computer, Google did not distribute these images. *Id*.

*Perfect 10* at 1162.

It was not the district court's *reasoning* (actual dissemination did not occur) that was consistent with the language of the Copyright Act, but its *conclusion* (no distribution occurred). *Id*. In other words, the district court got it right for the wrong reason. This Ninth Circuit held no distribution occurred because of the definition of "copies" in the Copyright Act – a point absent from the district court's reasoning:

> *Again*, **the district court's conclusion** [no distribution of copies occurred] on this point is consistent with the language of the Copyright Act. Section 106(3) provides that the copyright owner has the exclusive right "to distribute **copies** or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106(3). As noted, "**copies**" means "material objects ... in which a work is fixed." 17 U.S.C. § 101.

*Id*. at 1162.

It was the Copyright Act's definition of copies that was consistent with the district court's conclusion that Google did not distribute. Accordingly, *Perfect 10* held the website publisher's computer (which Google linked to) that stored copies, and not Google, had distributed the images by making them available for users to "*obtain copies* by downloading the photo or printing it." *Perfect 10* at 1162.

### *Perfect 10* Reaffirmed *Napster*

In *Perfect 10*, the Ninth Circuit expressly reaffirmed and clarified its holding in its prior decision in *Napster* that users infringed the distribution right "when they used the Napster software to **make their collections available** to all other Napster users." *Perfect 10* at 1162 (citing *Napster* at 1011–14." (emphases added). *Perfect 10* distinguished Google's conduct from Napster:

> Google . . . does not have [**copies**] it *makes available to the public*. Google therefore cannot be deemed to distribute copies of these images under the reasoning of *Napster* or *Hotaling*. Accordingly, the district court correctly **concluded** that Perfect 10 does not have a likelihood of success in proving that Google violates Perfect 10's distribution rights with respect to full-size images.

*Id*. at 1162-1163.

PLAINTIFFS' MOTION FOR RECONSIDERATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

4

MANN LAW GROUP PLLC
1420 Fifth Avenue – Suite 2200
Seattle, WA 98101
Telephone: (206) 436-0900

**Payment is Not Relevant to Distribution**

The Decision distinguishes *Napster* from Amazon's conduct here, because Amazon conditions the availability of copies on payment. Decision, p. 8, 9, 12. However, the Decision overlooked that Plaintiffs have alleged Amazon offers free promotional streams of Plaintiffs' works to the public without any condition. Arlen Complt., ¶¶ 87-91; Henderson Complt., ¶¶ 81-85; Warren Complt., ¶¶ 82-86. In any event, there is no basis in the law for this rule.[3]

**Point 3**

***Zillow* is not Analogous**

We respectfully submit that the Court misapplied *dicta* from *VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723 (9th Cir. 2019) to Amazon's unrelated conduct in this case.  The Decision cited *Zillow* for the general principal that "making available" copies of a work to be displayed  does not infringe the right of display. Decision, p. 12. The Decision recognizes these rights are different, but found "the same reasoning applies to a copyright holder's right to distribute."  Decision, p. 12. We submit this was error.

The same reasoning does not apply because, unlike a right to make a work available for display, a copyright owner has the right to make his work available to distribute. Publication is "offering to distribute copies for purposes of further distribution constitutes right of publication." 17 U.S.C. § 101; *Harper & Row Publs., Inc. v. Nation Enters.,* 471 U.S. 539, 552, 105 S.Ct. 2218, 2226 (1985)("Section 106 of the Copyright Act confers a bundle of exclusive rights to the owner of the copyright [including] . . . to publish, copy, and distribute the author's work."

The Decision threads this needle by stating Amazon did not make available copies for further distribution, only for sale. Decision, p. 13. This distinction has no basis in law and it is unreasonable to find that a copyright owner has the right to make copies of his work available for distribution, and has the right to sell copies, but lacks the right to make copies of his work available for sale.[4] The right to offer copies to the public for sale is plainly encompassed by Section 106(3).

---

[3] The Decision overlooked Napster's conditions to obtain copies - users first had to access Napster's website, download Napster software, and create an account. *Napster*, at 1011.

[4] "[W]hile the statutory text may permit such a reading, it does not compel it: the fact that

PLAINTIFFS' MOTION FOR RECONSIDERATION  
Case No. 20-cv-0105-BAT  
Case No. 20-cv-0106-BAT  
Case No. 20-cv-0107-BAT

5

MANN LAW GROUP PLLC  
1420 Fifth Avenue – Suite 2200  
Seattle, WA  98101  
Telephone: (206) 436-0900

Factually, *Zillow* is also dissimilar. In *Zillow,* the defendant tagged photos displayed on its real estate platform to enable users to search its database by various criteria, like room type, style, cost, and color. *Id.* at 730. The plaintiffs argued that images that *had never been* shown to the public, but that were internally "tagged," infringed the *public display right* because they were "made available" for display. *Id.* at 736. The Ninth Circuit rejected the claim in *dicta* ("up is not down").[5]

The phrase "made available" for display, as argued in Zillow, connoted "internally prepared" – *i.e.,* the defendants' use of tags to describe the images internally plainly did not result in communicating the images to the public. 17 U.S.C. 101 (definition of public display). Here, Amazon actually offered copies of Plaintiffs' works to the public for sale and free promotional streams. Amazon has decided whether and how to offer copies of Plaintiffs' works to the public in violation of Plaintiff's Section 106(3) rights to control the distribution of their works.

**Conclusion**

For the reasons discussed above, the Court should grant reconsideration and reinstate the Complaint.

---

congress chose to clarify that certain offers to distribute were to be treated as publications does not necessarily mean that it intended to exclude offers from the scope of the distribution right." Copyright Report at 33 (Arlen ECF 34-1, Henderson ECF 32-1, Warren ECF 34-1). The court may look to the statute's purpose when the plain meaning leads to unreasonable results plainly at variance with policy of the legislature as a whole. *Church of Scientology of California v. U.S. Dept. of Justice*, 612 F.2d 417 (9th Cir. 1979).

[5] "The Plaintiffs' argument [that non-displayed images were made available for display] comes too late. The jury was never instructed on the "made available" theory, nor did VHT raise this issue in its proposed jury instructions or objections to the final instructions." *Id* at 736-737.

PLAINTIFFS' MOTION FOR RECONSIDERATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

6

MANN LAW GROUP PLLC
1420 Fifth Avenue – Suite 2200
Seattle, WA  98101
Telephone: (206) 436-0900

1 | Dated: New York, New York
        June 26, 2020

Respectfully submitted,

By: *s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
MANN LAW GROUP PLLC
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone: (206) 436-0900
E-mail: phil@mannlawgroup.com

Matthew F. Schwartz  * *Pro Hac Vice*
Brian S. Levenson  * *Pro Hac Vice*
SCHWARTZ, PONTERIO & LEVENSON, PLLC
134 West 29th Street, Suite 1001
New York, New York 10001
Phone: (212) 714-1200
E-mail: mschwartz@splaw.us
E-mail: blevenson@splaw.us

Oren S. Giskan * *Pro Hac Vice*
GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street, 10th Floor
New York, New York 10004
Telephone: (212) 847-8315
E-mail: ogiskan@gslawny.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR RECONSIDERATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

7

MANN LAW GROUP PLLC
1420 Fifth Avenue – Suite 2200
Seattle, WA 98101
Telephone: (206) 436-0900