1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  SA MUSIC, LLC and WILLIAM
   KOLBERT, AS TRUSTEE OF THE
9  HAROLD ARLEN TRUST,

10              Plaintiffs,

11      v.

12  AMAZON.COM, INC., AMAZON
    DIGITAL SERVICES LLC, VALLEYARM
13  DIGITAL LIMITED; and LEANANDES
    LTD.,

14              Defendants.

15

16  RAY HENDERSON MUSIC CO., INC.,

17              Plaintiff,

18  v.

19  AMAZON.COM, INC.; AMAZON
    DIGITAL SERVICES LLC;
20  VALLEYARM DIGITAL LIMITED; and
    LENANDES LTD,

21              Defendants.

22

23

CASE NO. 2:20-cv-00105-BAT
(Arlen Docket)

CASE NO. 2:20-cv-00106-BAT
(Henderson Docket)

CASE NO. 2:20-CV-00107-BAT
(Warren Docket)

**ORDER DENYING MOTION FOR
CERTIFICATION OF
INTERLOCUTORY APPEAL**

ORDER DENYING MOTION FOR
INTERLOCUTORY APPEAL - 1

1

2

FOUR JAYS MUSIC COMPANY and
JULIA RIVA,

                         Plaintiffs,

3

v.

4

5

6

AMAZON.COM, INC.; AMAZON
DIGITAL SERVICES LLC;
VALLEYARM DIGITAL LIMITED; and
LENANDES LTD,

7

                         Defendants.

8

9

10

11

12

13

14

15

16

17

        In these consolidated copyright infringement actions, Plaintiffs move for certification of an interlocutory appeal pursuant to 28 U.S.C. 1292(b) and Fed. R. App. P. 5(a)(3). Dkt. 55 Arlen Docket; Dkt. 51 Henderson Docket; Dkt. 52 Warren Docket. Plaintiffs seek to immediately appeal: (1) the Court's June 12, 2020 Order Granting Defendants Amazon.com and Amazon Digital Services LLC ("Amazon")'s Motion to Dismiss ("Dismissal Order") (Dkt. 44 Arlen Docket; Dkt. 40 Henderson Docket; Dkt. 41 Warren Docket); and (2) the Court's July 7, 2020 Order Denying Reconsideration ("Reconsideration Order") (Dkt. 53 Arlen Docket; Dkt. 49 Henderson Docket; Dkt. 50 Warren Docket). The Dismissal and Reconsideration Orders addressed only whether a "making available" theory of liability is cognizable under the facts alleged. Plaintiffs ask that the Court certify the following question for appeal:

18

19

> Whether a digital music store infringes a copyright owner's exclusive distribution right under 17 U.S.C. § 106(3) by making unauthorized copies available for sale to the public if the store does not actually disseminate the copies?

20

21

        As Plaintiffs have not satisfied the requirements for certification of an interlocutory appeal under 28 U.S.C. § 1292(b), the motion is denied.

22

<u>FACTUAL AND PROCEDURAL HISTORY</u>

23

        Plaintiffs are copyright owners of musical works authored by Harold Arlen, Ray Henderson, and Harry Warren, three of the premier composers of American music. Plaintiffs

ORDER DENYING MOTION FOR
INTERLOCUTORY APPEAL - 2

1    allege that Defendant Lenandes made unauthorized copies of recordings of the Copyrighted

2    Compositions and compiled entire albums on its "Limitless Int. Recordings" label. Limitless, an

3    unknown record label with no web presence, completely duplicated the original album artwork

4    from the 1930s-1960s and removed the original label logos. Limitless then contracted with

5    Defendant Valleyarm who in turn, contracted with Amazon, to sell the recordings in the Amazon

6    online music store at prices below the legitimate releases (typically $0.89 for Limitless instead of

7    $1.29 for the legitimate release). According to Plaintiffs, Defendants have reproduced and

8    distributed, without authorization, over 350 bootlegged recordings encompassing Plaintiffs'

9    copyrighted musical compositions, including by making downloads of Plaintiffs' works available

10   for sale to the public in Amazon's digital music store.

11           Plaintiffs allege that Defendants have infringed Plaintiffs' exclusive rights to their

12   copyrighted works in several ways:

13           (a)    by reproducing and distributing recordings embodying Plaintiffs'
                    compositions as permanent downloads in violation of 17 U.S.C. §
14                  106(1)(3);

15           (b)    by streaming promotional clips of unauthorized copies in violation of 17
                    U.S.C. §§ 106(1) and (3);
16
             (c)    by reproducing and distributing unauthorized copies of such recordings as
17                  server copies in violation of 17 U.S.C. §§ 106(1) and (3);

18           (d)    by importing unauthorized copies of such recordings in violation of 17
                    U.S.C. §§ 106(1), 602; and
19
             (e)    by *making available for sale* unauthorized copies of such recordings in
20                  violation of exclusive distribution rights under 17 U.S.C. § 106(3)
                    (emphasis added).
21
             On June 12, 2020, the Court granted Defendant Amazon's Motion to Dismiss Plaintiffs'
22
     claim that Amazon infringed 17 U.S.C. § 106(3) by *making available* copies of Plaintiffs' works
23
     without authorization. Dkt. 44 Arlen Action; Dkt. 40 Henderson Action; Dkt. 41 Warren Action.

     ORDER DENYING MOTION FOR
     INTERLOCUTORY APPEAL - 3

1    The Court held "that distribution of a copyrighted work under § 106(3) requires 'actual

2    dissemination' of the copyrighted work and, in the context of a digital music store, actual

3    dissemination means the transfer (or download) of a file containing the copyrighted work from

4    one computer to another." Dismissal Order, p. 14.

5         Plaintiffs moved for reconsideration on June 26, 2020 and the Court denied Plaintiffs'

6    motion on July 7, 2020. Reconsideration Order, pp. 2-3.

7                                    DISCUSSION

8         At the outset, Amazon argues that Plaintiffs should have brought their motion pursuant to

9    Rule 54(b). Plaintiffs contend that Rule 54(b) is inapplicable because it applies only "[w]hen

10   more than one claim for relief is presented in an action" and Plaintiffs "have one claim for

11   copyright infringement based on different theories of liability, including 'making available,'

12   which is not a stand-alone claim for relief." Dkt. 60, pp. 5-6. Alternatively, Plaintiffs request that

13   their motion be converted to one under Rule 54(b) if the Court deems Section 1292(b) to be an

14   inappropriate procedural mechanism for the relief sought. Under either procedural mechanism,

15   the Court finds that certification of an interlocutory appeal is not warranted.

16   A.    Rule 54(b)

17        Rule 54(b) allows a judgment to be entered if it has the requisite degree of finality as to

18   an individual claim in a multiclaim action. The partial adjudication of a single claim is not

19   appealable, despite a rule 54(b) certification. *Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d

20   1150, 1154 (3d Cir.1990) (citation omitted). "[A] complaint asserting only one legal right, even

21   if seeking multiple remedies for the alleged violation of that right, states a single claim for

22   relief." *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 743 n. 4, 96 S.Ct. 1202, 1206 n. 4, 47

23   L.Ed.2d 435 (1976); *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir.1961)

ORDER DENYING MOTION FOR
INTERLOCUTORY APPEAL - 4

1   ("[t]he word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the

2   claimant, not to legal theories of recovery based upon those facts.").

3        "It is left to the sound judicial discretion of the district court to determine the 'appropriate

4   time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*

5   *Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (internal

6   citation omitted). In making this determination, it is proper for courts to consider "whether the

7   claims under review were separable from the others remaining to be adjudicated and whether the

8   nature of the claims already determined was such that no appellate court would have to decide

9   the same issues more than once even if there were subsequent appeals." *Id.*

10       Here, Plaintiffs assert one legal right – their exclusive legal right to control their

11   copyrighted materials – and allege that Defendants infringed on this legal right in five ways

12   (including by "making available" the copyrighted materials). The Dismissal Order did not

13   resolve Plaintiffs' allegations of infringement but addressed only whether a "making available"

14   theory of liability is cognizable under the facts alleged. Additionally, the parties agree that the

15   ways in which Plaintiffs' exclusive right was allegedly violated (reproducing and distributing,

16   streaming, importing, making available) are indivisible, based on common and intersecting facts,

17   and all require proof that Amazon uploaded unauthorized copies of Plaintiffs' copyrighted works

18   to its digital music store and made them available to the public.

19       Thus, and even if each manner of infringement is considered a separate "claim,"

20   certification of an interlocutory appeal under Rule 54(b) is not appropriate.

21   B.    28 U.S.C. § 1292(b)

22       Generally, the courts of appeal have jurisdiction over "appeals from all final decisions of

23   the district courts of the United States." 28 U.S.C. § 1291. However, 28 U.S.C. § 1292(b)

ORDER DENYING MOTION FOR
INTERLOCUTORY APPEAL - 5

1   provides a narrow exception to that rule. Under § 1292(b), "litigants can bring an immediate

2   appeal of a non-final order upon the consent of both the district court and the court of appeals."

3   *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1025-26 (9th Cir. 1981).

4         A district court may certify an order for interlocutory appeal where the order (1)

5   "involves a controlling question of law"; (2) "as to which there is a substantial ground for

6   difference of opinion"; and (3) "an immediate appeal from the order may materially advance the

7   ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three requirements must be met

8   to certify an order for interlocutory appeal. *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063,

9   1067 (D. Ariz. 2015). The party pursuing the interlocutory appeal bears the burden of

10  establishing that § 1292(b)'s requirements have been met. *Couch v. Telescope Inc*., 611 F.3d

11  629, 633 (9th Cir. 2010).

12        1.      Controlling Question of Law

13        To establish that an order raises a controlling question of law, the party seeking an

14  interlocutory appeal must show that "resolution of the issue on appeal could materially affect the

15  outcome of the litigation in the district court." *In re Cement*, 673 F.2d at 1026. An issue need not

16  be dispositive to be controlling. *Sierra Foothills Pub. Util. Dist. v. Clarendon Am. Ins*., No. CV

17  F 05-0736 AWI SMS (NEWDJ), 2006 WL 2085244, at *2 (E.D. Cal. July 25, 2006). Examples

18  of controlling questions of law include "the determination of [] necessary and proper parties,

19  whether a court to which a cause has been transferred has jurisdiction, or whether state or federal

20  law should be applied." *In re Cement*, 673 F.2d at 1026-27; *see*, *e.g*., *U.S. v. Woodbury*, 263 F.2d

21  784, 787 (9th Cir. 1959) (finding question of privilege involves nothing as fundamental as

22  determination of necessary and proper parties, jurisdiction, or choice or law).

23

ORDER DENYING MOTION FOR
INTERLOCUTORY APPEAL - 6

1    Plaintiffs argue that the "making available" theory is a powerful element of their case

2 because the evidence is overwhelming and undeniable. Plaintiffs also argue that because

3 potentially conflicting results may arise from identical claims raised in fifteen other lawsuits in

4 the Ninth Circuit,[1] an interlocutory appeal would resolve this legal theory of liability and remove

5 any uncertainty in settlement discussions that may occur prior to completion of discovery. Dkt.

6 60, p. 7.

7    The question of whether Plaintiffs can seek recovery for copyright infringement under the

8 "making available" theory is not as fundamental as whether necessary and proper parties have

9 been joined or whether a court has jurisdiction over a cause of action. *See In re Cement*, 673 F.2d

10 at 1026-27. Additionally, the parties agree that the "making available" claim is indivisible, on the

11 facts and the law, from the remaining claims, and that essentially the same discovery will be

12 sought under the "making available" theory as it will be under other asserted theories. And,

13 although the same issue may have been raised in other cases, Plaintiffs do not cite to any

14 conflicting results.

15    Accordingly, the Court finds that Plaintiffs have failed to establish that the question of

16 whether they may pursue a "making available" theory of copyright infringement liability

17 involves a controlling question of law.

18    2.    Substantial Difference of Opinion

19    "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b),

20 courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633

21

22 [1] Plaintiff does not detail the fifteen other lawsuits but does cite to two cases – one in this District and one in the Central District of California where Amazon has made the same motion to dismiss the "making available" theory. No decision has issued in either case. In Case No. 2:20-cv-00579-
23 BJR, the parties stipulated to withdraw the motion to dismiss pending the filing of an amended complaint. *See* Dkt. 30 therein.

ORDER DENYING MOTION FOR
INTERLOCUTORY APPEAL - 7

1    (citation omitted). Where "the circuits are in dispute on the question and the court of appeals of

2    the circuit has not spoken on the point, if complicated questions arise under foreign law, or if

3    novel and difficult questions of first impression are presented," then a substantial ground for

4    difference of opinion exists. *Id*. However, "just because counsel contends that one precedent

5    rather than another is controlling does not mean there is such a substantial difference of opinion

6    as will support an interlocutory appeal." *Id*. (internal quotations and citations omitted).

7    Moreover, "[a] party's strong disagreement with the Court's ruling is not sufficient for there to

8    be a 'substantial ground for difference.'" *Id*. (citation omitted).

9          The circuits are not in dispute about the proposed certification question, which is limited

10   to "whether a digital music store infringes a copyright owner's exclusive distribution right . . . by

11   making unauthorized copies available for sale to the public." The cited Fourth and Tenth Circuit

12   decisions recognize a making available claim only with respect to material in libraries — which

13   unlike music stores, do not rely on sales to disseminate material to the public. *See Hotaling v.*

14   *Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 201 (4th Cir. 1997); *Diversey v.*

15   *Schmidly*, 738 F.3d 1196, 1201 (10th Cir. 2013). Plaintiffs' identification of cases from the Ninth

16   Circuit purportedly supporting the existence of a "making available" theory are insufficient for

17   the reasons the Court has already provided and Plaintiffs' continued disagreement with the

18   Court's analysis is not enough to satisfy the second requirement for certification. In addition, the

19   Ninth Circuit has expressed skepticism about the viability of the making available theory while

20   addressing the analogous right to public display. *See VHT, Inc. v. Zillow Grp., Inc*., 918 F.3d

21   723, 736 (9th Cir. 2019).

22         However, the Court agrees with Plaintiffs that the proposed question on appeal is "novel

23   and difficult." As explained by the U.S. Copyright Office, "[i]n the digital age, few questions are

ORDER DENYING MOTION FOR
INTERLOCUTORY APPEAL - 8

1  as central to copyright jurisprudence as whether and how the creative works of authors may be

2  accessed and disseminated on the Internet." U.S. COPYRIGHT OFFICE, THE MAKING

3  AVAILABLE RIGHT IN THE UNITED STATES (Feb. 2016) ("Copyright Office Report"), Executive

4  Summary, p. 1; *See also*, p. 74 ("In general, where a party offers members of the public access to

5  a work in the form of a download, the offer implicates the right of distribution . . . . the statutory

6  language, context, and legislative history all indicate that Congress intended to reserve to

7  copyright owners the right to determine whether and how their works are made available to the

8  public in copies, including digital files….").

9       Plaintiffs are also correct that there is an absence of case law analyzing 17 U.S.C. §

10  106(3) in the context of a digital music store making copies available for sale. The Court noted in

11  its Dismissal Order that the majority of cases analyzing the distribution requirement of § 106(3),

12  did so in the context of file-sharing networks where distribution occurs with a download, while

13  downloading from a digital music store occurs only after the customer pays for the download. In

14  short, the Court agrees that reasonable jurists may disagree that file-sharers may be held liable,

15  but digital music stores are not, for making copyrighted works available because the download

16  occurs with a digital music store only after the customer pays for the download.

17       Although the novelty and difficulty of the question presented may be sufficient to satisfy

18  the requirement that a 'substantial ground for difference of opinion' exists, Plaintiffs' failure to

19  establish the "controlling question of law" and "material advancement" requirements of §

20  1292(b), requires denial of the motion for certification.

21       3.    Materially Advance Litigation

22       An appeal of the proposed certification question must be likely to "materially advance the

23  ultimate termination of the litigation." *See Costco Wholesale Corp.*, 2019 WL 2287963, *1

ORDER DENYING MOTION FOR
INTERLOCUTORY APPEAL - 9

1    (W.D. Wash. 2019). This requirement is often "linked to whether an issue of law is 'controlling'

2    in that the court should consider the effect of reversal by the court of appeals on the management

3    of the case." *In re Cement Antitrust Litig.*, 673 F.2 at 1026. An interlocutory appeal need not

4    have a final, dispositive effect on the litigation; it is enough that it "may materially advance" the

5    litigation. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (holding that the

6    potential that a reversal could remove a defendant and several claims from the case satisfied the

7    material advancement element). "The use of § 1292(b) is reserved for those cases where an

8    intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda*, 101 F.3d 863,

9    865 (2d Cir. 1996) (citing *Milbert v. Bison Labs.*, 260 F.2d 431, 433-35 (3d Cir. 1958)).

10        Here, a reversal of the Court's Orders (which dealt only with the viability of Plaintiff's

11    "making available" theory of copyright infringement) will not result in the termination of this

12    case or otherwise resolve this case. The parties agree that Plaintiff's multiple theories of

13    copyright infringement are indivisible, on the facts and the law, from the remaining theories and

14    do not require different or additional discovery. For example, assuming Plaintiffs' making

15    available theory is cognizable, Amazon's liability for making Plaintiffs' works available would

16    depend on whether Amazon uploaded copies of Plaintiffs' copyrighted works to its digital music

17    store and made them available to the public before the copies were distributed. This same fact

18    pattern will need to be evaluated when litigating Plaintiffs' allegations that Defendants infringed

19    Plaintiffs' reproduction and distribution rights. It is not disputed that the "making available"

20    theory is inextricably connected to the other asserted theories of infringement because they are

21    based on the same "common and intersecting facts." An interlocutory appellate ruling in

22    Plaintiff's favor will not remove any claims but would result in simply reviving the fifth theory

23    of liability.

ORDER DENYING MOTION FOR
INTERLOCUTORY APPEAL - 10

1      In sum, the proposed interlocutory appeal does not appear likely to materially speed the

2   termination of the litigation.

3      In conclusion, Plaintiffs have failed to meet their burden of establishing that § 1292(b)'s

4   requirements have been met. Although the question presented may be novel and potentially

5   impactful, it does not involve a controlling question of law nor will an immediate appeal

6   materially advance the ultimate termination of the litigation.

7      Therefore, it is **ORDERED** that Plaintiffs' motions for an interlocutory appeal (Dkt. 55

8   Arlen Docket; Dkt. 51 Henderson Docket; Dkt. 52 Warren Docket) are **DENIED**.

9      DATED this 5th day of August, 2020.

10

11   _____
     BRIAN A. TSUCHIDA
12   Chief United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

ORDER DENYING MOTION FOR
INTERLOCUTORY APPEAL - 11