UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SA MUSIC LLC, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMAZON.COM, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-0105-BAT<br><br>**[ PROPOSED ]<br>ESI STIPULATION** |
| RAY HENDERSON MUSIC CO., INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-0106-BAT<br><br>**[ PROPOSED ]<br>ESI STIPULATION** |
| FOUR JAYS MUSIC COMPANY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMAZON.COM, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-0107-BAT<br><br>**[ PROPOSED ]<br>ESI STIPULATION** |

Plaintiffs SA Music LLC, William Kolbert as Trustee of the Harold Arlen Trust, Ray Henderson Music Co., Inc., Four Jays Music Company and Julia Riva

[ PROPOSED ] ESI STIPULATION  
Case No. 20-cv-0105-BAT  
Case No. 20-cv-0106-BAT  
Case No. 20-cv-0107-BAT

1

MANN LAW GROUP PLLC  
1420 Fifth Avenue – Suite 2200  
Seattle, WA 98101  
Telephone: (206) 436-0900

(collectively, "Plaintiffs") and Defendants Amazon.com, Inc., Amazon Digital Services LLC, and Valleyarm Distribution Limited (collectively, "Defendants") and, hereby agree that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in these three cases:

1.  **Custodians and search terms.**  The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.  ESI, including, but not limited to electronic files and email, and subject to the limitations set forth in Section 2 of this Stipulation, shall be collected for each individual custodian from the personal computers those individuals use for work purposes.  The parties shall make good faith efforts to identify up to 10 appropriate custodians per party and produce ESI from those custodians on an agreed upon schedule.

2.  **Data Sources Not Reasonably Accessible.**  The following data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced: (i) backup systems and/or tapes used for disaster recovery; (ii) systems, server and network logs; and (iii) systems no longer in use that cannot be accessed.  Among the sources of data the parties agree are not reasonably accessible, the parties agree not to search or collect the following: (i) voice messages; (ii) information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source; (iii) instant messaging and chat application data; (iv) automatically saved versions of documents and emails; (v) deleted, slack, fragmented, or other data accessible only by forensics; (vi) random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; (vii) on-line access data such as temporary internet files, history, cache, cookies, and the like; (viii) dynamic fields of databases or log files

[ PROPOSED ] ESI STIPULATION  
Case No. 20-cv-0105-BAT  
Case No. 20-cv-0106-BAT  
Case No. 20-cv-0107-BAT

2

MANN LAW GROUP PLLC  
1420 Fifth Avenue – Suite 2200  
Seattle, WA  98101  
Telephone: (206) 436-0900

that are not retained in the usual course of business; and (ix) data in metadata fields that are frequently updated automatically, such as last opened dates.

     **3.**    **Proportionality.** The parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information consistent with Fed. R. Civ. P. 26(b)(1). This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

     **4.**    **Liaisons**. The parties will, within 30 days of this Stipulation, identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention. The parties further agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

     **5.**    **Filtering.** Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary Files, Dynamic Link Library, Event Log Files, Executable Files, Hypertext

[ PROPOSED ] ESI STIPULATION  
Case No. 20-cv-0105-BAT  
Case No. 20-cv-0106-BAT  
Case No. 20-cv-0107-BAT

3

MANN LAW GROUP PLLC  
1420 Fifth Avenue – Suite 2200  
Seattle, WA  98101  
Telephone: (206) 436-0900

Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Quicktime Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Video Media Files, Waveform Audio File Format, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File. Source code files will be provided according to the Protective Order and not included in custodial data productions.  A party is required to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across Custodians.  A party may also de-duplicate email threads and attachments as follows: In an email thread, only the most evolved responsive email in a thread will be produced.  Where an earlier-in-thread email has a responsive attachment not contained within the most evolved responsive email, the most evolved earlier-in-thread email containing the attachment will also be produced along with its attachment.

**6. Format for production of documents – documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in multiple page, searchable PDF or single page TIFF format at a resolution of at least 300 dpi in accordance with the following:

    **A.** PDF and TIFF files shall be produced along with Concordance/ Opticon image load files that indicate the beginning and ending of each document.

    **B.** PDF files shall be produced with extracted text files.

    **C.** For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable.  For documents converted to PDF format prior to

[ PROPOSED ] ESI STIPULATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

4

MANN LAW GROUP PLLC
1420 Fifth Avenue – Suite 2200
Seattle, WA  98101
Telephone: (206) 436-0900

production, the producing party shall make reasonable efforts to convert to searchable PDF.

**D.    Metadata.**  Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, neither side is obligated to produce metadata that does not exist.  Nor are the parties obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

The metadata file shall be delimited according to the following characters:

- Delimiter = ¶ (ASCII:020)
- Text-Qualifier = þ (ASCII:254)
- New Line = ® (ASCII:174)
- Multi-value delimiter - ; (ASCII Code 059)

**E.    Production media and encryption of productions.**  Unless otherwise agreed, the parties shall provide document productions in the following manner:  The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. When a Defendant is the producing party, it may choose to encrypt the production data, and if it does, it shall forward the password to decrypt the production data separately from the CD, DVD, external drive, or SFTP to which the production data is saved.

**F.    Bates Numbering.** All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

**G.    Confidentiality Designation.**  Responsive documents in PDF or TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter.  Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

[ PROPOSED ] ESI STIPULATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

5

MANN LAW GROUP PLLC
1420 Fifth Avenue – Suite 2200
Seattle, WA  98101
Telephone: (206) 436-0900

      **H.**    **Redaction Of Information.**  If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein.

    **7.**    **Format for production of documents – hardcopy or paper documents.**  All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

    **8.**    **Source code.**  Source Code shall not be produced in this case.

    **9.**    **Parent and child emails.**  The parties shall produce email attachments sequentially after the parent email.

    **10.**    **Native files.**  The parties will meet and confer to discuss requests for the production of excel files in native format, on a case-by-case basis.  If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court.  To the extent any documents are produced natively, they shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

    **11.**    **Databases.**  Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table.  These reports or data tables will be produced in a static format.

    **12.**    **Requests for hi-resolution or color documents.**  The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images.  Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read.  The producing party shall have the option of responding by

[ PROPOSED ] ESI STIPULATION  
Case No. 20-cv-0105-BAT  
Case No. 20-cv-0106-BAT  
Case No. 20-cv-0107-BAT

6

MANN LAW GROUP PLLC  
1420 Fifth Avenue – Suite 2200  
Seattle, WA  98101  
Telephone: (206) 436-0900

producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

13. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that is not otherwise privileged and that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

14. **Documents Protected from Discovery.** Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Disclosures among Defendants' attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. Information that contains privileged matter or attorney work product shall be returned immediately if such information appears on its face to have been produced or if requested. Activities undertaken in compliance with the duty to preserve information are protected from discovery under Fed. R. Civ. P. 26(b)(3)(A)

[ PROPOSED ] ESI STIPULATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

7

MANN LAW GROUP PLLC
1420 Fifth Avenue – Suite 2200
Seattle, WA  98101
Telephone: (206) 436-0900

and (B).  Nothing in this Stipulation shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

**15.     Preservation.**  The parties have discussed and understand their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate, and state as follows:

**A.**     The parties have begun discussing the types of ESI they believe should be preserved and will discuss the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved. The parties will continue to meet and confer on these topics, and shall add or remove custodians as reasonably necessary;

**B.**     The parties represent that they have exercised reasonable diligence to take steps to preserve reasonably accessible ESI relating to the issues relevant to this action and distribute document retention notices to custodians who are likely to have relevant documents;

**C.**     The parties shall promptly meet and confer during the pendency of this litigation if any issues arise regarding the burden, cost, or accessibility of preserving, searching, reviewing, or producing ESI.

**16.     Modification.**  This Stipulation may be modified by a Stipulation of the parties or by the Court for good cause shown.  Any such modified Stipulation will be titled sequentially as follows, "First Modified [Proposed] ESI Stipulation," and each modified Stipulation will supersede the previous Stipulation.

[ PROPOSED ] ESI STIPULATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

8

MANN LAW GROUP PLLC
1420 Fifth Avenue – Suite 2200
Seattle, WA  98101
Telephone: (206) 436-0900

Dated:    New York, New York
          September 10, 2020

MANN LAW GROUP PLLC

By:   */s/ Philip P.Mann*
Philip P. Mann, WSBA No: 28860
1420 Fifth Avenue, Suite 2200
Seattle, Washington  98101
Phone: (206) 436-0900
E-mail: phil@mannlawgroup.com

SCHWARTZ, PONTERIO & LEVENSON, PLLC
Matthew F. Schwartz * *Pro Hac Vice*
Brian S. Levenson * *Pro Hac Vice*
134 West 29th Street, Suite 1001
New York, New York 10001
Phone: (212) 714-1200
Email: mschwartz@splaw.us
Email: blevenson@splaw.us

GISKAN SOLOTAROFF & ANDERSON LLP
Oren S. Giskan * *Pro Hac Vice*
90 Broad Street, 10th Floor
New York, New York 10004
Telephone: (212) 847-8315
E-mail: ogiskan@gslawny.com

*Attorneys for Plaintiffs*

PERKINS COIE LLP

By:   *s/ Holly M. Simpkins*
Holly M. Simpkins, WSBA #33297
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
E-mail: HSimpkins@perkinscoie.com

KING & SPALDING LLP
Kenneth L. Steinthal * *Pro Hac Vice*
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 318-1200
E-mail: ksteinthal@kslaw.com

*Attorneys for Defendants Amazon.com, Inc. and Amazon Digital Services, LLC*

[ PROPOSED ] ESI STIPULATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

9

MANN LAW GROUP PLLC
1420 Fifth Avenue – Suite 2200
Seattle, WA  98101
Telephone: (206) 436-0900

NEWMAN DU WORS LLP

By: *s/ Derek A. Newman*
Derek A. Newman, WSBA No. 26967
Rachel J. Horvitz, WSBA No. 52987
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800
Email: dn@newmanlaw.com
Email: rachel@newmanlaw.com

PERKOWSKI LEGAL, PC
Peter Perkowski * *Pro Hac Vice*
Matthew P. Kelly * *Pro Hac Vice forthcoming*
445 S. Figueroa Street - Suite 3100
Los Angeles, CA 90071
Telephone: 213.426.2137
Email: peter@perkowskilegal.com
Email: matt@perkowskilegal.com

*Attorneys for Defendant*
*Valleyarm Distribution Limited*

[ PROPOSED ] ESI STIPULATION
Case No. 20-cv-0105-BAT
Case No. 20-cv-0106-BAT
Case No. 20-cv-0107-BAT

10

MANN LAW GROUP PLLC
1420 Fifth Avenue – Suite 2200
Seattle, WA 98101
Telephone: (206) 436-0900

**EXHIBIT A**

**TABLE OF METADATA FIELDS**

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |

| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
|---|---|---|---|---|
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |